**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| CHARLES JOHN SHIRLEY, JR., | ) | |
| Plaintiff, | ) | Civil Case No. 7:20-cv-00296 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| JOHN A. WOODSON, *et al.*, | ) | United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Charles John Shirley, Jr., a Virginia inmate proceeding *pro se*, filed this action pursuant

to 42 U.S.C. § 1983.  His complaint names two defendants: John A. Woodson, the Warden at

Augusta Correctional Center ("ACC"), where Shirley is incarcerated, and A. Miller, ACC's Food

Operation Director.  Shirley's claims arise from his complaints about meals he received on two

occasions.  Upon review of Shirley's complaint pursuant to 28 U.S.C. § 1915A(a), the court

concludes that his claims fail to state a claim upon which relief can be granted and also are frivolous.

Thus, they are subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1).

I.     BACKGROUND

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in

a civil action in which a prisoner seeks redress from a governmental entity or officer or employee

of a governmental entity."  *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where

plaintiff is proceeding *in forma pauperis*, to dismiss the case if it, for example, is frivolous or

fails to state a claim on which relief may be granted).  Pleadings of self-represented litigants are

accorded liberal construction and held to a less stringent standard than formal pleadings drafted

by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).  Liberal construction does

not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting

forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Social Servs.*, 901 F.2d

387, 391 (4th Cir. 1990).

In his brief complaint, Shirley alleges that on November 14, 2019, his pod was locked down "for cleaning."  Instead of receiving the standard menu for lunch that day, which was cheese pizza, everyone in the pod received bag meals for lunch.  The remainder of inmates at ACC were given a hot lunch.  For dinner on the same day, when the pod was locked down due to an emergency situation, the pod was served "sloppy joe," which contains "chicken bulk."  Shirley states that he cannot eat anything that contains chicken bulk because it upsets his stomach and makes him sick.  Also, because the pod was on lockdown, he was not offered an alternative veggie tray.

Shirley's complaint also expresses disagreement with the responses he received to his informal complaint and grievance about these incidents.  He contends that there was sufficient time for the kitchen to prepare hot trays for the 64 individuals in his pod.  He also argues that meals should not be withheld as a "disciplinary sanction" and that doing so in this case violated his rights and violated the operating procedures at ACC.

Shirley asks for more than $75,000 in compensatory and punitive damages, as well as costs and additional damages for the time he has spent preparing his lawsuit.

## II.   DISCUSSION

The court construes Shirley's complaint as attempting to assert a claim under the Eighth Amendment based on unconstitutional living conditions.  The Eighth Amendment protects prisoners from cruel and unusual living conditions.  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  But "the Constitution does not mandate comfortable prisons," and conditions that are "restrictive and even harsh . . . are part of the penalty that criminal offenders pay for their offenses against society."  *Id.* at 347–49.

To sustain an unconstitutional conditions claim, a prisoner must show that: (1) objectively, the deprivation was sufficiently serious, in that the challenged, official acts caused denial of "the minimal civilized measure of life's necessities"; and (2) subjectively, the defendant prison officials acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

To satisfy the first element, the prisoner must show "significant physical or emotional harm, or a grave risk of such harm," resulting from the challenged conditions. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). To establish the second element of deliberate indifference, a plaintiff must show that the defendant was personally aware of facts indicating a substantial risk of serious harm, and that the defendant must have actually recognized the existence of such a risk. *See, e.g., Farmer*, 511 U.S. at 838–40; *Conner v. Donnelly*, 42 F.3d 220, 222 (4th Cir. 1994). The defendant then must have failed to take "reasonable measures" to alleviate the danger. *Farmer,* 511 U.S. at 832.

To summarize Shirley's allegations, he asserts that, on a single day, he and his podmates were given a bagged lunch instead of the hot, standard lunch because they were on lockdown. That evening, when the pod was again on lockdown, he and his podmates were given a meat product that upsets his stomach, and Shirley was not offered the opportunity to obtain an alternative vegetarian meal.

In the context of providing food in prison, the Eighth Amendment imposes a duty on prison officials to provide inmates with "adequate food." *Farmer*, 511 U.S. at 832. This does not require that prisoners be given food that is "tasty or aesthetically pleasing," only that the food be "adequate to maintain health." *LeMarie v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993); *Washington v. McAuliffe*, No. 7:16-CV-00476, 2019 WL 1371859, at *7 (W.D. Va. Mar. 26,

2019) ("To the extent [plaintiff's] claim that the food is 'inedible' is based on its taste, texture, or temperature, he . . . has not stated a claim, under the Eighth Amendment.").  The Fourth Circuit has explained that, even in the context of special diets based on medical restrictions, prison officials satisfy their Eighth Amendment obligations by simply providing some food that the prisoner is able to eat without compromising his health.  *Scinto v. Stansberry*, 841 F.3d 219, 233 (4th Cir. 2016).  Shirley has not alleged that he (or anyone else) got sick from eating the food or that he suffered any injury from having to eat one cold meal and not being able to eat another meal the same day.  Even if he was "deprived" of one meal because he could not get a vegetarian tray, he does not allege (nor would his allegations support) that he has lost significant weight or been unable to maintain a healthy weight because of these incidents.  *See Wilson v. Johnson*, 385 F. App'x 319, 320 (4th Cir. 2020) (reasoning that an Eighth Amendment claim based on inadequate food can be stated by allegations that the prisoner lost weight or suffered other adverse physical effects or was denied a nutritionally and calorically adequate diet).

Indeed, the Fourth Circuit has expressly held that giving prisoners only two meals a day (instead of three) on weekends and holidays fails to state an Eighth Amendment claim.  *White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993) (affirming dismissal of prisoner complaint as frivolous because Eighth Amendment claim of only receiving two meals on weekends and holidays was "indisputably meritless").  Relying on *White*, another judge of this court has reasoned that "isolated incidents of meal service disruption do not rise to the level of a constitutional violation, where no significant injury results."  *Poindexter v. Lee*, No. 7:17CV00386, 2018 WL 3617890, at *1 (W.D. Va. July 30, 2018); *see also Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) ("The fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional deprivation."); *Islam v. Jackson*, 782 F.

Supp. 1111, 1114 (E.D. Va. 1992) (holding that inmate missing one meal was an isolated event and did not state an Eighth Amendment violation).

In short, Shirley fails to state a claim for violation of his Eighth Amendment rights, and the court concludes that his claim is frivolous.

### III.  CONCLUSION

For the foregoing reasons, the court will summarily dismiss Shirley's complaint as frivolous and for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).  An appropriate order will be entered.

Entered: July 9, 2020.


*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge